NOT FOR PUBLICATION                                           CLOSED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICHARD R. KREIMER, | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | CIVIL ACTION NO. 11-3453 (ES) |
| | : | |
| NATIONAL RAILROAD | : | |
| PASSENGER CORP., et al., | : | OPINION |
| | : | |
| **Defendants.** | : | |
| | : | |

**SALAS, District Judge.**

Now pending before this Court is Defendant National Railroad Passenger Corporation's ("Defendant") motion to dismiss Plaintiff Richard Kreimer's ("Plaintiff") complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court has considered the papers submitted in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## I.      BACKGROUND

Plaintiff commenced this action on June 14, 2011 and filed an amended complaint on June 20, 2011 alleging violations of 42 U.S.C. § 1983 ("Section 1983") stemming from an incident that occurred on June 13, 2009. Specifically, Plaintiff alleges that on June 13, 2009, despite being a "duly ticketed passenger," he was removed from Amtrak's 30th Street Station in Philadelphia, Pennsylvania against his will by two Amtrak Police officers. (Amended Complaint, ¶¶ 3, 5, & 6). As a result, Plaintiff was unable to use his train ticket and travel to his destination. (*Id.*, ¶ 8).

Plaintiff's first cause of action alleges that Amtrak and the Amtrak Police Officers (John Doe #1 and John Doe # 2), violated his First Amendment right to travel, his Fourteenth

Amendment rights to equal protection and due process of law, and his Fourth Amendment right to be free of unreasonable seizures, all in violation of Section 1983.

Plaintiff's second cause of action alleges that, the Amtrak Police Officers acted "in furtherance of [an] unwritten policy of not toleration homeless people, or people who appeared to be homeless, in Amtrak stations.". (*Id.*, ¶ 11).

## II.   LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, —— U.S. ——, ——, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, " 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element[s]." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 322 (3d. Cir.2008) (quoting *Twombly*, 550 U.S. at 556).

## III.   ANALYSIS

A defendant may prevail on the statute of limitations at the motion to dismiss stage "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. United States Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). Actions brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations applicable to personal injury claims in the state in which the claim arises, without regard for the facts upon which the claim is based on the nature of the injury sustained. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989). Under New Jersey law, a personal injury claim must be brought within two years of the date of accrual. N.J. S.A. 2A:14-2. Thus, it follows that the statute of limitations for § 1983 claims in New Jersey is two years. *Cito v. Bridgewater Township Police Dep't*, 892 F.2d

23 (3d Cir. 1989); *O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006). A § 1983 cause of action accrues under federal law when the allegedly wrongful act occurred. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007).

Here, the allegedly wrongful act occurred on June 13, 2009. Plaintiff commenced this action on June 14, 2011 which is more than two years from the accrual date. *Robinson*, 313 F.3d at 135 (explaining that under the "Third Circuit rule," a defendant may prevail on the statute of limitations at the motion to dismiss stage "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."). Therefore, Plaintiff's Section 1983 claims are barred by the applicable statute of limitations and must be dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's complaint is time-barred under the two-year statute of limitations for Section 1983 civil right actions.

Dated: Oct. 13, 2011

Esther Salas
**United States District Judge**